NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10185 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01141-RCC-ORP-1 |
| v. | |
| GILBERTO MADRID-ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, Chief District Judge, Presiding

Submitted January 29, 2015[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Gilberto Madrid-Romero appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Madrid-Romero contends that the district court procedurally erred at sentencing. He did not object on these grounds in the district court, and we therefore review for plain error. *United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). The court did not plainly err. Madrid-Romero asserts that the district court failed to consider 18 U.S.C. § 3553(a) factors presented by defense counsel and the Probation Officer. There is no evidence in the record to support this assertion, especially given that the court addressed the issues raised by defense counsel and the Probation Officer and stated that it had considered all of the factors. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc) (recognizing that a court must consider all of the § 3553(a) factors, but that the court need not tick off each of the factors to show that it has considered them). Madrid-Romero also argues that statements made by the prosecutor should be characterized as erroneous findings by the district court. We reject this argument. There is no evidence that the district court adopted these statements or relied on them as a basis for its sentence. Thus, there was no procedural error.

Madrid-Romero also contends that the sentence, which is at the bottom of the applicable Sentencing Guidelines range, is substantively unreasonable because the district court placed too much weight on his criminal history and not enough weight on his family issues. The sentence is not substantively unreasonable in

2

light of all the 18 U.S.C. factors and the totality of the circumstances. *See Gall v.*

*United States*, 552 U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*,

587 F.3d 904, 908 (9th Cir. 2009) (recognizing that the "weight to be given the

various factors in a particular case is for the discretion of the district court" and

holding that the district court did not place undue weight on need for deterrence

where defendant repeatedly entered the United States illegally); *United States v.*

*Espinoza-Baza*, 647 F.3d 1182, 1195-96 (9th Cir. 2011) (holding that 96-month

sentence for illegal re-entry was not substantively unreasonable based on the

totality of the circumstances, including the defendant's criminal history and the

need to provide deterrence and protect the public from further crimes).

**AFFIRMED**.